Submitted May 7, reversed June 3, 2015

Kenneth M. VAN HOESEN,
*Petitioner-Respondent,*

*v.*

Debbera Marie WILLIAMS,
*Respondent-Appellant.*

Lake County Circuit Court
130260CV; A156004

351 P3d 808

Andy Simrin and Andy Simrin PC filed the brief for appellant.

No appearance for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

DUNCAN, P. J.

## DUNCAN, P. J.

Respondent appeals from a stalking protective order (SPO) issued pursuant to ORS 30.866, contending that the trial court erred in concluding that she committed the requisite "repeated and unwanted" contacts within two years preceding the filing of the petition. We agree with respondent that the evidence is not sufficient to support the issuance of the SPO, and, therefore, we reverse.

Respondent has not requested *de novo* review, and we do not view this as an "exceptional case" in which *de novo* review would be appropriate. ORAP 5.40(8)(c) ("The Court of Appeals will exercise its discretion to try the cause anew on the record or to make one or more factual findings anew on the record only in exceptional cases."). Accordingly, we review the trial court's factual findings for "any evidence" and its legal conclusions for errors of law. *See Travis v. Strubel,* 238 Or App 254, 256, 242 P3d 690 (2010) (explaining the standards of review applicable to SPO appeals). In the absence of explicit findings, we assume that the trial court made findings consistent with its ultimate conclusion that petitioner had established the basis for the SPO. *See State v. Ehly,* 317 Or 66, 75, 854 P2d 421 (1993) ("If findings of historical fact are not made on all pertinent issues and there is evidence from which such facts could be decided more than one way, we will presume that the facts were decided in a manner consistent with the court's ultimate conclusion."). When the sufficiency of the evidence supporting an SPO is challenged on appeal, we view the evidence and all reasonable inferences that may be drawn from it in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record is legally sufficient to permit that outcome. *Christensen v. Carter/Bosket,* 261 Or App 133, 135, 323 P3d 348 (2014).

Petitioner and respondent were in a long-term domestic partnership that ended against respondent's wishes. Petitioner filed his petition for an SPO against respondent on November 20, 2013, which, according to petitioner, was approximately two years after he had told respondent that their relationship was over, and one year after a lawsuit was filed to divide the property from their domestic partnership.

According to petitioner, the parties have not communicated since the suit was filed.

On December 10, 2013, the trial court held a hearing on the SPO petition, at which both petitioner and respondent testified. Petitioner identified three actions by respondent as the basis for his requested SPO. First, petitioner alleged that, in September 2010, before the parties ended their relationship, respondent struck him on the arm while he slept. A week later, he learned that his arm was broken. Second, petitioner alleged that, on several occasions between 2010 and October 2013, respondent parked near petitioner's place of employment and watched him. Third, petitioner alleged that respondent made contact with him by scheduling an appointment with a realtor as a prospective purchaser of the house that petitioner was renting. The realtor contacted petitioner to arrange the showing. Petitioner left the house for the showing, which was on November 19, 2013, but returned because he was curious to see who was looking at it. He saw respondent's vehicle in the driveway, and he went into the house and told the realtor to tell respondent to leave. He then left the house briefly to call the police. When he returned, respondent was gone.

Petitioner testified that, before the incident on November 19, he had not been concerned for his physical well-being, but that after the incident he was concerned for his physical well-being, because he believed that respondent's conduct indicated that she was unpredictable.

The trial court did not make extensive findings. It concluded, based on the incidents described by petitioner, that the SPO should issue.

The requirements for the issuance of an SPO are set forth in ORS 30.866, which provides, in part:

"(1) A person may bring a civil action in a circuit court for a court's stalking protective order or for damages, or both, against a person if:

"(a) The person intentionally, knowingly or recklessly engages in repeated and unwanted contact with the other person or a member of that person's immediate family or household thereby alarming or coercing the other person;

"(b) It is objectively reasonable for a person in the victim's situation to have been alarmed or coerced by the contact; and

"(c) The repeated and unwanted contact causes the victim reasonable apprehension regarding the personal safety of the victim or a member of the victim's immediate family or household."

Under ORS 163.730(7), "repeated" means "two or more times." Pursuant to ORS 30.866(6), an SPO action based on the repeated conduct must be brought "not later than two years after the conduct that gives rise to the claim for relief occurred." As we recently said in *Layne v. MacDonald*, 267 Or App 628, 630-31, 340 P3d 773 (2014),

"to qualify for an SPO, a petitioner must show by a preponderance of the evidence that the respondent made at least two contacts with the petitioner or the petitioner's family within the two years immediately preceding the filing of the motion for an SPO[.]"

Each contact individually must give rise to subjective and objective reasonable alarm or coercion. *Christensen*, 261 Or App at 139-40; *Reitz v. Erazo*, 248 Or App 700, 706, 274 P3d 214 (2012). Under ORS 163.730(1), "alarm" means "to cause apprehension or fear resulting from the perception of danger."

The subjective component requires that the petitioner actually be alarmed or coerced by the contacts and that the contacts actually cause the petitioner reasonable apprehension regarding his or her personal safety or the personal safety of his or her family. *Blastic v. Holm*, 248 Or App 414, 418, 273 P3d 304 (2012).

Here, we conclude that the evidence does not permit the finding that respondent made two statutorily sufficient contacts within the two years preceding the filing of the petition. The first alleged contact—the 2010 incident in which petitioner's arm was broken—occurred more than two years before the filing of the petition in 2013, so it cannot serve as a qualifying contact. Of the subsequent contacts, the parking incidents did not cause petitioner subjective alarm. As mentioned, at the hearing, petitioner testified that the first

time he was concerned for his physical well-being was after respondent entered his house with the realtor.[1] The only reasonable inference from petitioner's testimony is that the parking incidents, which occurred before the incident where respondent entered his house, did not cause petitioner to be alarmed within the meaning of ORS 163.730(1). As a result, the parking incidents cannot serve as qualifying contacts. Thus, only one alleged contact—the incident when respondent entered petitioner's house—could be a qualifying contact. But, we need not determine whether it is, because more than one qualifying contact is required for issuance of an SPO. *Farris v. Johnson*, 222 Or App 377, 383, 193 P3d 66 (2008) ("[An] SPO cannot be issued based on a single contact.").

Reversed.

---

[1] Petitioner testified:

"[P]rior to this [November 19, 2013,] incident at my house, I was not concerned about the wellbeing of my physical being until that; that takes a lot of balls to come into somebody's house that way. And at this point she's very unpredictable, and I am concerned; it's the first time ever that I have been concerned about my wellbeing."