Argued and submitted December 20, 2016, reversed February 1, 2017

Rhonda L. BACHMANN,
*Petitioner-Respondent,*

*v.*

Tyler MAUDLIN,
*Respondent-Appellant.*

Marion County Circuit Court
15SK00384; A159379

389 P3d 413

Jon H. Weiner argued the cause for appellant. On the brief were Daniel M. Carroll and Law Office of Jon Weiner.

No appearance for respondent.

Before Sercombe, Presiding Judge, and DeHoog, Judge, and Haselton, Senior Judge.

## SERCOMBE, P. J.

Respondent appeals from the trial court's entry of a stalking protective order (SPO). He contends that the court erred in issuing the SPO, because the contacts upon which the SPO was based were expressive and none "can be deemed to be an unequivocal threat of imminent physical harm." We agree that the court erred in issuing the SPO and, therefore, reverse.

Under ORS 30.866(1), a person may obtain an SPO against another person if:

"(a)  The person intentionally, knowingly, or recklessly engages in repeated and unwanted contact with the other person or a member of that person's immediate family or household thereby alarming or coercing the other person;

"(b)  It is objectively reasonable for a person in the victim's situation to have been alarmed or coerced by the contact; and

"(c)  The repeated and unwanted contact causes the victim reasonable apprehension regarding the personal safety of the victim or a member of the victim's immediate family or household."

"Thus, for an SPO to issue under ORS 30.866, a respondent must make repeated—that is, two or more—unwanted contacts with a petitioner." *Tesema v. Belete*, 266 Or App 650, 654, 338 P3d 776 (2014). Furthermore, "each 'contact,' individually, must give rise to subjective and objectively reasonable alarm or coercion." *Reitz v. Erazo*, 248 Or App 700, 706, 274 P3d 214 (2012). "[T]he contacts, cumulatively, [also] must give rise to subjective apprehension regarding the petitioner's personal safety or the personal safety of a member of the petitioner's immediate family or household, and that apprehension must be objectively reasonable." *Blastic v. Holm*, 248 Or App 414, 418, 273 P3d 304 (2012).

"Expressive contacts are those that involve speech, either oral or written." *Christensen v. Carter/Bosket*, 261 Or App 133, 140, 323 P3d 348 (2014). An SPO may be based on expressive "contacts only if the contacts express a threat that 'instills in the addressee a fear of imminent and serious personal violence from the speaker, is unequivocal, and is

objectively likely to be followed by unlawful acts.'" *Gray v. McGinnis*, 277 Or App 679, 683, 374 P3d 941 (2016) (quoting *State v. Rangel*, 328 Or 294, 303, 977 P2d 379 (1999)). Such a speech-based threat must be "so unambiguous, unequivocal, and specific to the addressee that it convincingly expresses *to the addressee* the intention that it will be carried out, and that the actor has the ability to do so." *Rangel*, 328 Or at 306 (emphasis in original). In other words, expressive conduct qualifies as a "contact" for purposes of the SPO statute only if it is a threat that satisfies *Rangel*'s requirements.

Here, respondent engaged in a number of communicative contacts with petitioner. He told her that, if she planned to dress up for Halloween, she should come by his desk, and then sent her an instant message telling her about a song he sang for his family. A couple of months later, respondent told petitioner that her perfume was dangerous and made him "want to attack someone." Several days later, respondent called petitioner in her office, asked her if she was sick, and said that he thought they "could be sick together." She informed him that his statements were inappropriate.

Although the human resources department at their office told respondent to have no further contact with petitioner, the next day he sent petitioner a message saying he was "beginning to see the light." The human resources department again admonished respondent to not contact petitioner, but, two months later, he sent her several instant messages. Finally, after another month had passed, respondent left an unsigned note on petitioner's desk along with a music CD. Petitioner sought, and the trial court issued, an SPO.

On appeal, respondent contends that the evidence was legally insufficient to establish multiple actionable contacts, including communicative contacts satisfying *Rangel*'s requirements. We agree. Even assuming, without deciding, that respondent's conduct in leaving the CD on petitioner's desk could, in context, constitute a single actionable noncommunicative contact, there is no legally sufficient evidence that any of the remaining contacts—which were indisputably communicative—constituted "threats" as defined in,

and prescribed by, *Rangel*. Accordingly, the trial court erred in issuing the SPO.

Reversed.