ARMSTRONG, P. J.
*482 Respondent appeals a final permanent stalking protective order (SPO) and judgment entered against him. On appeal, he asserts that the trial court erred in entering the SPO because evidence was not admitted at the hearing to establish the allegations in petitioner's SPO petition. Respondent also argues that a birthday card he sent to petitioner was not a legally qualifying contact for SPO purposes. We reject respondent's first argument because it is unpreserved, and respondent has not requested plain-error review. We reject respondent's second argument, which was preserved, because, even if respondent is correct, the SPO was based on two other contacts that respondent has not challenged on appeal. Accordingly, we affirm.
The facts relevant to our disposition are undisputed. In February 2017, petitioner, who is respondent's ex-wife, filed an ex parte petition for an SPO that described the qualifying information for a protective order and included supporting documents. Specifically, petitioner described three unwanted contacts: (1) a birthday card that respondent sent to her at her home that she received on January 27, 2017; (2) text messages that respondent sent to her on November 4, 2016; and (3) an email that respondent sent to her on May 19, 2016. A copy of the birthday card was included in the documents attached to the petition, but the texts and email were not. Petitioner also attached to her petition an agreement signed by respondent on November 11, 2016, stating that he would not contact petitioner in person or in writing. Based on that petition, the trial court granted petitioner a temporary SPO and set a hearing on whether to continue the SPO at which respondent was directed to appear. Along with that order, respondent was served with a copy of the petition and attached documents. See ORS 30.866 (setting out procedure to obtain an SPO).
At the hearing, both petitioner and respondent appeared without attorneys. The trial court began the hearing by apparently treating the petition, along with the documents attached to it, as evidence supporting the SPO. Neither party gave sworn testimony, and no documents were entered as exhibits at the hearing. The trial court questioned both *483 petitioner and respondent about the contacts described in petitioner's petition and the no-contact agreement attached to it. During that colloquy with the court, respondent admitted to the contacts; admitted that at various times in the past two years petitioner had told him to not contact her, although they would get in contact again; admitted that he had signed the no-contact agreement after heated text exchanges with petitioner; and admitted that the birthday card violated that agreement. However, he objected to the issuance of an SPO and essentially argued that petitioner could not have been subjectively or objectively alarmed by the birthday card.
At the hearing, the court granted the permanent SPO to petitioner. In doing so, the court found that
"there's been intentional and knowing and recklessly engaging [sic ] in repeated and unwanted contact that has alarmed [petitioner] within the last two years, and that this contact has made [petitioner] fear for her physical safety, the safety of her family, and last but not least, there is [a no-contact] agreement signed by the parties that was pretty clear."
The court then entered a final SPO and judgment of "unlimited duration" against respondent.
*682 On appeal, respondent asserts that the trial court erred in entering the SPO because there was insufficient evidence in the record to support it. Respondent argues that there is no proof of petitioner's allegations in the record because, even if the colloquy between the parties and the court is treated as evidence, there was no sworn testimony taken or exhibits admitted at the hearing that would establish the facts alleged in the petition. For his argument, respondent relies on Falkenstein v. Falkenstein , 236 Or. App. 445, 449, 236 P.3d 798 (2010), in which we held that factual allegations made in an SPO petition are not evidence. We concluded in that case that SPO hearings are governed by the rules of evidence, and, as such, "the evidentiary record *** is limited to the evidence received at the SPO hearing." Id. at 450, 236 P.3d 798. Respondent asserts that his assignment of error is preserved because he "appeared and objected to the issuance of the stalking order and judgment, and argued that the birthday card was not threatening."
*484 Generally, we will not consider an assignment of error on appeal unless the appellant has preserved it below. ORAP 5.45(1). "What is required of a party to adequately present a contention to the trial court can vary depending on the nature of the claim or argument; the touchstone in that regard, ultimately, is procedural fairness to the parties and to the trial court." Peeples v. Lampert , 345 Or. 209, 220, 191 P.3d 637 (2008).
Here, respondent did not make any statement during the hearing that could have been understood by petitioner or the trial court to be an objection to the sufficiency of the evidence in support of the SPO-except with regard to the birthday card as discussed below-or an objection to the manner in which the trial court was proceeding. During the hearing, both parties and the trial court proceeded with the apparent understanding that the petition and documents attached to it were evidence, although they had not been admitted as such. As a result, petitioner did not have a fair opportunity to respond to respondent's contention on appeal that those documents are not evidence, and the trial court did not have an opportunity to correct the error. Had the matter been brought to the court's attention in some manner, the error could have been avoided. As a result, we conclude that respondent's argument is unpreserved, and, because respondent has not asked for plain-error review under ORAP 5.45(1), we do not consider whether plain-error review would be appropriate in this case. See, e.g. , State v. Ardizzone , 270 Or. App. 666, 673, 349 P.3d 597, rev. den. , 358 Or. 145, 363 P.3d 1288 (2015) ("Defendant does not request plain error review in this case, and we therefore do not undertake that analysis.").
Respondent did, however, preserve his alternative argument on appeal that the birthday card was not a qualifying contact because it was neither subjectively nor objectively alarming. To obtain an SPO against a person, a petitioner must show, by a preponderance of the evidence, that
"(a) The person intentionally, knowingly or recklessly engages in repeated and unwanted contact with the other person or a member of that person's immediate family or household thereby alarming or coercing the other person;
*485 "(b) It is objectively reasonable for a person in the victim's situation to have been alarmed or coerced by the contact; and
"(c) The repeated and unwanted contact causes the victim reasonable apprehension regarding the personal safety of the victim or a member of the victim's immediate family or household."
ORS 30.866(1) ; ORS 30.866(7) (setting out preponderance standard). "Repeated" contact means "two or more" qualifying contacts. ORS 163.730(7).
Here, petitioner's petition, which provided the basis for the SPO, set out three contacts. However, respondent's preserved argument challenges only the sufficiency of one of those contacts-the birthday card. Even if we agree with respondent's challenge, there still remain two contacts to serve as a basis for the SPO, as required by the statutes. As a result, we do not resolve respondent's argument *683 challenging the birthday card as a qualifying contact and affirm.
Affirmed.