Submitted November 30, 2018, affirmed May 20, 2020

J. C. R.,
*Petitioner-Appellant,*

*v.*

Colin Joel McNULTY,
*Respondent-Respondent.*

Washington County Circuit Court
17SK02244; A166592

467 P3d 48

Petitioner appeals an order dismissing a citation that sought a stalking protective order (SPO) against respondent, ORS 163.738, contending that the trial court erred in concluding that the SPO could not issue because petitioner had not shown that respondent posed a "credible threat." *Held*: The correct standard for "alarm" in determining whether to issue an SPO based on nonexpressive conduct is whether the conduct gave rise to an objectively reasonable fear of a threat of physical injury. Although the trial court erroneously used the phrase "credible threat" to describe the conduct required for an SPO based on nonexpressive conduct, the error does not require dismissal, because the evidence in the record would not support a finding that respondent's nonexpressive conduct gave rise to an objectively reasonable fear of a threat of physical injury. Thus, the trial court reached the correct disposition.

Affirmed.

Eric Butterfield, Judge.

Jill Petty filed the briefs for appellant.

John M. Berman filed the briefs for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

ARMSTRONG, P. J.

Affirmed.

## ARMSTRONG, P. J.

Petitioner appeals an order dismissing a citation that sought a stalking protective order (SPO) against respondent, ORS 163.738, contending that the trial court erred in concluding that the SPO could not issue because petitioner had not shown that respondent posed a "credible threat." We conclude that the trial court did not err and therefore affirm.[1]

Petitioner has not requested that we review this matter *de novo*, and we decline to do that. *See* ORAP 5.40(8) (providing that the court will exercise its discretion to review *de novo* "only in exceptional cases"). In light of the trial court's conclusion that the SPO should not issue, we view the evidence and all reasonable inferences in the light most favorable to respondent. *Van Hoesen v. Williams*, 271 Or App 466, 467, 351 P3d 808 (2015) (viewing record in light most favorable to court's disposition). We review the trial court's findings for "any evidence" and the court's legal conclusions for legal error. *King v. W. T. F.*, 276 Or App 533, 537, 369 P3d 1181 (2016). *See also Delgado v. Souders*, 334 Or 122, 134, 46 P3d 729 (2002) (reviewing as a question of law whether the evidence was sufficient to support the issuance of an SPO).

The parties had a brief romantic relationship that petitioner decided to end. Respondent continued to contact petitioner through various means. This proceeding was initiated based on petitioner's complaint to a Washington County Sheriff's deputy, who issued a citation to respondent under ORS 163.735. The citation described respondent's alleged conduct:

> "Showed up at Petitioner's more than two times w/o permission; shown up at sons baseball game unwanted, contacted her friends about her via facebook, numerous emails, has been to Petitioner's Lodge unannounced, and taken pop cans off petitioner's porch while petitioner not home. All activity has occurred after being told to stop and no more contact."

---

[1] Respondent contends in a cross-assignment of error that some of the trial court's findings are not supported by evidence in the record. Respondent did not preserve that contention in the trial court, and we therefore do not consider it.

When a person has been cited under ORS 163.735, a court may issue an SPO when the court finds, by a preponderance of the evidence, that:

> "(i)   The person intentionally, knowingly or recklessly engages in repeated and unwanted contact with the other person or a member of that person's immediate family or household thereby alarming or coercing the other person;

> "(ii)   It is objectively reasonable for a person in the victim's situation to have been alarmed or coerced by the contact; and

> "(iii)   The repeated and unwanted contact causes the victim reasonable apprehension regarding the personal safety of the victim or a member of the victim's immediate family or household."

ORS 163.738(2)(a). Several of the statutory terms are defined. "Repeated" means at least two incidents. ORS 163.730(7). "Contact" includes, among other behavior, speaking or writing to a person, delivering objects to his or her home, and waiting outside the person's home. ORS 163.730(3). "Alarm" means "to cause apprehension or fear resulting from the perception of danger." ORS 163.730(1). We have held that the type of "danger" that must be perceived by the contacted person to experience "alarm" is "a threat of physical injury, not merely a threat of annoyance or harassment." *Reitz v. Erazo*, 248 Or App 700, 706, 274 P3d 214 (2012) (respondent's aggressive shopping behavior did not provide a basis for objectively reasonable "apprehension or fear resulting from the perception of danger").

The requirements of "alarm," "coercion," and "reasonable apprehension" have both subjective and objective components. *Weatherly v. Wilkie*, 169 Or App 257, 259, 8 P3d 251 (2000). The subjective component means that the contact must have caused actual alarm or coercion and actual apprehension regarding the person's physical safety. The objective component means that the contacted person's alarm or coercion and reasonable apprehension of physical danger must have been objectively reasonable, ORS 163.738(2)(a)(B)(ii), (iii). Each of the unwanted contacts, individually, must give rise to both subjective and objectively reasonable alarm or

coercion. *Bachmann v. Maudlin*, 283 Or App 548, 549, 389 P3d 413 (2017) (internal quotation marks omitted).

Contacts involving expression are subject to additional requirements. In *State v. Rangel*, 328 Or 294, 303, 977 P2d 379 (1999), the Supreme Court held that, when a contact is expressive—either oral or in writing—the Oregon Constitution, Article I, section 8, requires that the contact constitute a threat of serious personal violence—a "communication that instills in the addressee a fear of imminent and serious personal violence from the speaker, is unequivocal, and is objectively likely to be followed by unlawful acts." *Id*. at 303. The threat of serious personal violence must be "so unambiguous, unequivocal, and specific to the addressee that it convincingly expresses *** the intention that it will be carried out." *Id*. at 306. We said, in *S. L. L. v. MacDonald*, 267 Or App 628, 633, 340 P3d 773 (2014), that the requirement is met by evidence that the expressive conduct presents a "credible threat" of imminent serious physical harm.

This case comes to us in an unusual posture. The typical SPO appeal involves a challenge to the sufficiency of the evidence in support of the *issuance* of an SPO. *T. J. N. v. Schweitzer*, 297 Or App 481, 443 P3d 680 (2019). This appeal is a challenge to the court's *dismissal* of a citation for an SPO. Petitioner contends that, in dismissing the citation, the court erroneously required proof that respondent's conduct posed a "credible threat," when that is not an element stated in the statute.

At the relevant time, a standardized form used by courts to address stalking protective petitions and citations included the "credible threat" requirement among a checklist of elements for the court to determine.[2] Here, the court

---

[2] The form included a list of elements for the court to determine:

"1. Respondent has intentionally, knowingly and/or recklessly engaged in repeated and unwanted contact with the Petitioner or a member of the Petitioner's immediate family or household, and it was reasonable for Petitioner to be alarmed or coerced by this contact.

"2. Respondent knew or should have known that the repeated contact was unwanted.

"3. Petitioner was alarmed or coerced by this unwanted contact. "Alarm" means to cause apprehension or fear resulting from the perception of danger. 'Coerce' means to restrain, compel or dominate by force or threat.

dismissed the citation after concluding that, although petitioner had established each of the other elements, she had failed to establish that respondent posed a "credible threat," which, the court explained, was required by our case law and by the standardized form.[3]

---

"4. It is objectively reasonable for a person in Petitioner's situation to have been alarmed or coerced by Respondent's contact.

"5. Respondent's repeated and unwanted contact caused the Petitioner reasonable Apprehension regarding the Petitioner's own personal safety or the safety of a member of his/her immediate family or household.

"6. Respondent represents a credible threat to the physical safety of Petitioner or Petitioner's or Respondent's children.

"7. The unwanted contact occurred within two years of the filing of this action.

"8. If applicable: Any unwanted contact that was purely communicative in nature was perceived by Petitioner as a credible threat of imminent serious personal violence or physical harm to Petitioner or to a member of his/her family, and it was reasonable to believe that such a threat was likely to be followed by unlawful acts (not necessary if two other requisite contacts exist)."

The court checked each item except numbers 6 and 8.

[3] The court issued its ruling from the bench:

"[Petitioner's counsel]: Your Honor, a stalking protective order, the Court needs to find by the preponderance of the evidence whether the person intentionally, knowingly or recklessly engages in unwanted contact.

"THE COURT: He did that.

"[Petitioner's counsel]: Did that. Okay. And that it has to be repeated.

"THE COURT: He did that.

"[Petitioner's counsel]: All right. Your Honor, and that that contact, that unwanted contact thereby alarmed or coerced the other person.

"THE COURT: That criteria's been met as well.

"[Petitioner's counsel]: Okay. Your Honor—and then it's objectively reasonable for a person in the victim's situation to have been alarmed or coerced by the contact.

"THE COURT: I think that's true also.

"[Petitioner's counsel]: Okay. Your Honor, that the repeated and unwanted contact caused the victim reasonable apprehension regarding the personal safety of the victim or a member of the victim's immediate family or household.

"THE COURT: That criteria's been met also.

"[Petitioner's counsel]: Is there any criteria I haven't met?

"THE COURT: That respondent represents a credible threat to the physical safety of petitioner or petitioner or respondent's children, which means that despite the fact this guy's a freak, he doesn't get it, he's just psycho e-mail dude. Unless he's a credible threat of physical harm to your client—

"[Petitioner's counsel]: Are you looking at—which statute are you referring to, Your Honor?

Petitioner contends on appeal that proof of a "credible threat" is not among the elements that a petitioner must establish to obtain a stalking protective order under ORS 163.738 and that the trial court therefore erred.

Petitioner is correct that the term "credible threat" is not used in the statute.[4] But although the exact term in not included in the statute, our case law has required conduct that either consists of or is analogous to a "credible threat" for the issuance of an SPO based on conduct involving expression. As noted, when conduct is expressive, the Supreme Court has held that the Oregon Constitution requires a "communication that instills in the addressee a fear of imminent and serious personal violence from the speaker, is unequivocal, and is objectively likely to be followed by unlawful acts" and a threat of serious personal violence that is "so unambiguous, unequivocal, and specific to the addressee that it convincingly expresses * * * the intention that it will be carried out." *Rangel*, 328 Or at 306. In *S. L. L.*, 267 Or App at 633, we used the short-hand description "credible threat" of imminent serious physical harm to describe that standard. Much of the conduct alleged here was communicative, consisting of emails, cards, and a letter; the requirement for a credible threat would be applicable to each of those contacts.

---

"THE COURT: I'm referring to the standard court order that the Court of Appeals requires us to complete in these cases.

"[Petitioner's counsel]: I am looking at ORS—

"THE COURT: It's item—it's Item No. 7 on Page 2 of the Uniform Stalking Protective Order.

"[Petitioner's counsel]: I'm looking at ORS 163.738, Your Honor. And that would be—

"THE COURT: I can see how looking at that might make you think the criteria are met, but the way that the Court of Appeals has interpreted that, they're telling us that he needs to be a credible threat and that you need to prove it. And so far, I haven't heard anything that would suggest that he is."

[4] However, "a credible threat to the physical safety of the petitioner or the petitioner's child" is among the statutory elements necessary for the issuance of an order under the Family Abuse Prevention Act (FAPA). ORS 107.718(2) (FAPA order will issue "upon a showing that the petitioner has been the victim of abuse committed by the respondent within 180 days preceding the filing of the petition, that there is an imminent danger of further abuse to the petitioner and that the respondent represents a credible threat to the physical safety of the petitioner or the petitioner's child.").

The *Rangel* "credible threat" standard does not apply to nonexpressive conduct. Thus, in stating that petitioner had not established a "credible threat," the trial court did not use the correct terminology. But that error does not require reversal. To "alarm," as used in ORS 163.738(1)(a)(ii) means "to cause apprehension or fear resulting from the perception of danger." ORS 163.730(1). In *Reitz* we held that the type of "danger" that must be perceived is "a threat of physical injury, not merely a threat of annoyance or harassment." The statute thus requires an objectively reasonable fear of a threat of physical injury. 248 Or App at 706. *See also S. A. B. v. Roach*, 249 Or App 579, 586, 277 P3d 628 (2012) (requiring proof of an objectively reasonable apprehension or fear of physical injury). It is undisputed that respondent's expressive contacts did not include threats. The evidence here would not support a finding that respondent's nonexpressive conduct gave rise to an objectively reasonable fear of a threat of physical injury. Thus, the trial court reached the correct disposition. The trial court therefore did not err in dismissing the citation.

Affirmed.