626 July 3, 2024 No. 468

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

J. R.,
*Petitioner-Respondent,*

*v.*

ABDULLA OMAR MAJEED,
*Respondent-Appellant.*

Washington County Circuit Court
23SK01871; A181837

Elizabeth R. Lemoine, Judge.

Submitted June 3, 2024.

Margaret Huntington and O'Connor Weber LLC filed the brief for appellant.

No appearance for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

EGAN, J.

Reversed.

**EGAN, J.**

Respondent appeals a judgment entering a permanent stalking protective order (SPO) against him pursuant to ORS 30.866. Petitioner does not appear on appeal. Respondent contends that the trial court erred in determining that petitioner satisfied the statutory requirements for an SPO. Viewing "the evidence and all reasonable inferences that may be drawn from it in the light most favorable to the trial court's disposition and assess[ing] whether, when so viewed, the record is legally sufficient to permit" that disposition, *K. M. V. v. Williams*, 271 Or App 466, 467, 351 P3d 808 (2015), we reverse.

A detailed recitation of the facts would not benefit the bench, the bar, or the public. Respondent argues that the trial court erred in entering the SPO because respondent's contacts "were not objectively alarming." *See* ORS 30.866 (entry of an SPO requires a petitioner to prove by a preponderance of the evidence that respondent engaged in "repeated and unwanted contact" and that it "is objectively reasonable for a person in the petitioner's situation to have been alarmed or coerced by the contact"). "'Alarm' means to cause apprehension or fear resulting from the perception of danger." ORS 163.730(1). "Danger" means "a threat of physical injury, not merely a threat of annoyance or harassment." *M. F. v. Baker*, 325 Or App 787, 789, 530 P3d 142 (2023) (citing *K. R. v. Erazo*, 248 Or App 700, 707, 274 P3d 214 (2012)).

In this case, we conclude that the evidence is not legally sufficient to allow a finding that respondent's contacts were "objectively alarming." First, respondent's nonexpressive contacts—*viz*., violating his school's "cease and desist order" by taking routes to class that enabled him to see petitioner and looking at petitioner while at school—did not create an "objectively reasonable fear of threatened physical injury." *See M. F.*, 325 Or App at 793 (determining that the respondent's nonexpressive contacts in going to the petitioner's apartment and church and following the petitioner after church did not meet the objectively alarming standard); *see also H. L. P. v. Jones*, 309 Or App 108, 115-16, 481 P3d 415 (2021) (determining that the respondent's contacts were not "qualifying contacts" to support an SPO, because

they "took place during the day, in public, and without any threat to her physical safety," and when the respondent followed the petitioner at school, the respondent was, at his closest, 40 feet away from her, the petitioner did not testify that the respondent ran after her or moved quickly in any direction, and there was no evidence that the respondent possessed weapons, looked threatening, or said anything to the petitioner). In addition, respondent's expressive contacts did not contain threats of personal violence. *See A. M. M. v. Hoefer*, 269 Or App 218, 223, 344 P3d 121 (2015) (noting that expressive contacts must be unequivocal threats that "instill in the addressee a fear of imminent and serious personal violence" that were "objectively likely to be followed by unlawful acts" in order to serve as predicate contacts for issuance of an SPO).

Respondent's contacts were unwanted and subjectively alarming to petitioner. We do not condone his conduct. However, the record was insufficient to determine that respondent's contacts created an "objectively reasonable fear of threatened physical injury." Thus, the trial court erred in issuing a permanent SPO.

Reversed.