Argued October 16, affirmed December 20, 1973

WALES ET UX, *Appellants, v.* LESTER ET AL,
*Respondents.*
517 P2d 281

*David L. Smedema,* Corvallis, argued the cause for appellants. With him on the briefs were Smedema & Evashevski, Corvallis.

*Peter L. Barnhisel,* Corvallis, argued the cause for respondents. With him on the brief were Fenner & Barnhisel, Corvallis.

O'CONNELL, C. J.

This is a suit in which plaintiffs seek to establish their ownership of a parcel of land by adverse possession. The trial court found that plaintiffs' use of the parcel had not been so notorious as to establish title by adverse possession.

The land in question is a six-acre tract situated in the Crescent Valley area of Corvallis, Oregon. The parcel in dispute was not included in the description in the land sale contract by which plaintiffs acquired their interest in 1959. Plaintiffs assert that until 1970 they assumed that the disputed parcel was a part of the tract they purchased. In that year they learned that their description did not embrace it. They claim that from 1959 to 1970 they used the strip as their own.

The only evidence supporting plaintiff's claim was the testimony of plaintiff, Joseph Wales, describing the use made of the property during the ten-year statutory period. He asserted that the heavily wooded part of the land was used by his family and friends for recreation in the form of walking and horseback riding in that area. For this purpose he constructed a four-foot wide path through the woods. He also placed about a dozen signs along the route to aid his friends in identifying various kinds of vegetation. He also claimed that he placed several "No Trespassing" signs on the southern boundary of the strip in 1959 or 1960 after discovering hunters in the area. He testified that in 1968 he planted 400 trees in the area and that 40 of

them survived. He asserted that when he made his purchase both the described parcel and the disputed strip were completely encircled by a substantial wire fence. He stated that he had divided the strip into three separate parcels by running two electric fences across it. He testified that he had grazed three or four horses on a part of the strip every summer since 1959.

Defendant's evidence consisted of his testimony and the testimony of Darryl Harms, the chief surveyor for the city of Corvallis. The latter testified that when he surveyed the land in 1971 he observed a rather insubstantial fence in the area but that it did not coincide at all points with the borders claimed by plaintiffs.

Defendant Lester testified that he had been on the strip in dispute several times after 1970. When asked to describe the condition of the electric fences, he said that when he first went on the property he "didn't realize it was an electric fence" because "it was on the ground and it was quite rusty," and he "assumed it was a wire that had been strung up for some reason quite sometime ago." But, he continued, after the suit was filed the fence was "in real good shape, it was straightened up and had two good wires, looked like some new metal posts had been put in * * *." He did not at any time see any horses on the land in dispute, although he did see horses on that part of the land which plaintiffs had purchased. No one paid taxes on the property until 1970.

The trial judge concluded that the use by plaintiffs "was not of such character as to establish title by adverse possession," and more specifically that plaintiffs failed to establish that the possession was notorious.

The trails constructed by plaintiffs in the east and west segments of the property, and the tree identification signs had not existed for ten years. Prior to the construction of the trails, plaintiffs' use of the property was only for recreational purposes consisting of walking and of gathering some firewood. The evidence as to the use of the property as a pasture was in conflict as was the evidence concerning the location and the visibility of the fences.

■ The testimony of the surveyor was that on the east boundary of the disputed property there were only "a few strands of barbed wire tacked to trees, but * * * not on the line." In a wooded area these indistinct markings would not, without more, give notice of an adverse claim. The evidence of the use of the property by plaintiff was scant and did not develop adequately the frequency of use over the requisite statutory period.

■ Where, as here, plaintiff's contentions are supported only by his own testimony and where credibility is an important factor in making an appraisal of the evidence, the rule that the determination of the trial judge is entitled to great weight is especially appropriate.

■ Taking this into account we find, upon a de novo review of the evidence, that plaintiffs did not carry their burden of proof to support a claim of title by adverse possession.

Decree affirmed.