EICHLER, *Respondent,*
*v.*
HETZEL et al, *Appellants.*
(No. 40878, CA 18021)
587 P2d 106

John Toran, Jr., Portland, argued the cause for appellants. With him on the brief was Toran & Radich, Portland.

C. David Hall, Portland, argued the cause for respondent. With him on the brief was Rask & Hefferin.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

This is an appeal by defendants in a Forcible Entry and Detainer action from a judgment based on a jury verdict restoring the premises to plaintiff. Defendants contend the court erred: (1) in refusing to permit the proceedings to be recorded; (2) in refusing to allow defendants a reasonable time in which to obtain the assistance of counsel; and (3) in forcing defendants to go to trial without the assistance of counsel.

The official record consists only of the trial court file. There is no transcript, audio recording or agreed narrative statement. The briefs of both parties contain a statement of facts, which are in substantial disagreement. Neither statement is wholly supported by what record there is. The defendants attached a hand written affidavit to their notice of appeal and contend this affidavit should be considered as part of the record on appeal.

The trial court file discloses that plaintiff filed its complaint on April 10, 1978. The complaint and summons were served on defendants by mail on April 13, 1978. The summons required them to appear on April 20, 1978. The case was tried to a jury on April 24, 1978. Plaintiff was represented by counsel and defendants appeared in person. The jury returned a verdict of guilty (ORS 105.150), and the court entered an order restoring the premises to plaintiff.

The threshold question is whether there is a sufficient record to review the contentions made by defendants. The district court is a court of record. ORS 46.330. The scope of review is set forth in ORS 46.340:

"* * * * *

"(4) The appeal shall be heard and determined by the Court of Appeals on the record. Upon an appeal from a judgment in a case in which the right to jury trial is provided by Oregon Law, the judgment shall be reviewed only as to questions of law appearing upon the record and shall be reversed or modified only for error substantially affecting the rights of the parties. * * *"

[ 307 ]

The record from a district court proceeding, in addition to the trial court file, may consist of an audio record or "[a]n agreed narrative statement in lieu of or in addition to a transcript." ORS 46.340(3)(d). ORS 46.335(2) provides:

> "Waiver of reporting in criminal cases or failure to make timely written request in accordance with local district court rule for reporting civil, violation and traffic infraction cases constitutes waiver of the right to appeal issues not otherwise preserved in the record."

Defendants contend the affidavit attached to the notice of appeal is part of the record. Since it was not controverted by a counter-affidavit, they argue, it must be accepted as a true recital of what occurred in the trial court. Whatever may be the validity of the recitals in the affidavit, it is not a part of the record. The record for appeal is made in the trial court or supplemented by an agreed narrative statement. The Supreme Court, in approaching a similar problem respecting an inadequate record said:

> "* * * Omissions cannot be supplied or corrections made by affidavit filed originally in this court or by statements of counsel in the brief * * *." *Fry v. Ashley,* 228 Or 61, 71, 363 P2d 555 (1961).

An affidavit filed by one party in this court is not an agreed narrative statement as authorized by ORS 46.335(3)(d). We decline to consider the recitals in the briefs, not supported in the record, and the affidavit of defendants as part of the record on review.

From the trial court file we are unable to determine if defendants waived recording of the proceedings or under what circumstances they appeared at trial without counsel. Since we cannot review the claims of error on this record the judgment is affirmed.

Affirmed.