Submitted on record and briefs October 15, affirmed December 24, 1979, reconsideration denied January 31, petition for review denied February 12, 1980 (288 Or 527)

STATE OF OREGON,
*Respondent,*

*v.*

KERRY MICHAEL COX,
*Appellant.*

(No. F 29234, CA 14141)

604 P2d 423

Kerry Michael Cox, Milwaukie, filed the brief pro se for appellant.

James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Jan P. Londahl, Assistant Attorney General, Salem, filed the brief for respondent.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendant was found guilty after a trial to the court of failure to yield the right of way when turning left, a Class B traffic infraction, ORS 487.250. Defendant was represented by counsel at trial but is representing himself in the appeal. Our review of traffic infraction judgments is de novo, ORS 484.405(2); 46.340(4); 484.375(1).

Defendant contends there were several improprieties in the trial and that the evidence is not sufficient for conviction. We will discuss the contentions in the order presented.

Defendant first contends the arresting officer, called as a witness by the state, was not sworn prior to giving testimony. This issue is raised for the first time on appeal, no objection was made to the witness's testimony at trial. In *State of Oregon v. Doud*, 190 Or 218, 225 P2d 400 (1950), the Supreme Court held the failure to object to receipt of unsworn testimony constitutes a waiver of such defect. Defendant was present with counsel at the time the officer was called to the witness stand. Had the failure to administer the oath required by ORS 44.310 been called to the court's attention an appropriate oath would have been administered and the defect would have been cured.

Defendant next contends the officer's testimony is replete with contradictions and that he was unable to correctly recall many details. This argument contests the weight and believability of the officer's testimony. In reviewing de novo we defer to the trial judge on questions of credibility of witnesses where such findings are based on an opportunity to see and hear the witnesses. The trial court found the officer to be a credible witness and based its finding of guilty on the officer's testimony. We see no basis in the record for making a contrary finding.

In his third argument defendant contends the trial court was examining his driving record during the

trial prior to a finding of guilty. We agree with defendant that if this, in fact, occurred it was improper. The trier of fact cannot review the defendant's record of prior convictions during trial unless the prior convictions are properly admitted in evidence. The difficulty is that the only indication that this occurred is an affidavit submitted by defendant as part of his brief. Our review is limited to matters which appear in the record. An affidavit filed in this court is not a part of the record made in the trial court and we cannot review this contention. *Eichler v. Hetzel*, 37 Or App 305, 587 P2d 106 (1978).

Defendant also contends his counsel was incompetent because he failed to prepare an adequate defense or subpoena the driver of the vehicle the officer claimed was endangered by defendant's left turn. The question of the adequacy of representation cannot be considered in this case and on this record.

Affirmed.