Submitted January 12, affirmed February 9, petition for review denied
June 23, 2022 (369 Or 855)

C. J.,
*Petitioner-Respondent,*

*v.*

Agustin FLORES,
*Respondent-Appellant.*

Multnomah County Circuit Court
20PO08456; A175234

505 P3d 500

Petitioner obtained a sexual abuse protective order (SAPO) against respondent. After a contested hearing, the trial court continued the SAPO under ORS 163.763(2), finding that petitioner had been subject to sexual abuse by respondent and that she reasonably feared for her physical safety if a SAPO was not entered. Respondent appeals, challenging the sufficiency of the evidence supporting the SAPO. *Held*: The Court of Appeals noted that respondent erroneously identified the applicable standard of review as *de novo*, without acknowledging ORS 19.415(3)(b). Given that *de novo* review was not warranted, the court was therefore bound by the trial court's factual findings if they were supported by any evidence in the record, and it reviewed the trial court's legal conclusions for errors of law. *Henderson v. Byrne*, 311 Or App 415, 416, 487 P3d 869 (2021). In the light of that standard of review, the trial court did not err in continuing the SAPO.

Affirmed.

Frances G. Troy II, Judge.

Raymond Tindell filed the brief for appellant.

Juniper James Jacques and Legal Aid Services of Oregon filed the brief for respondent.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Kamins, Judge.

JAMES, P. J.

Affirmed.

**JAMES, P. J.**

Petitioner obtained a sexual abuse protective order (SAPO) against respondent pursuant to ORS 163.760 to 163.777. After a contested hearing, the trial court continued the SAPO, finding that petitioner had been subject to sexual abuse by respondent and that she reasonably feared for her physical safety if a SAPO was not entered. Respondent appeals, and we affirm.

From the outset, in his brief on appeal, respondent erroneously identifies our standard of review as *de novo*, without acknowledging ORS 19.415(3)(b).[1] Our standard of review for a SAPO is "the same as it would be for a Family Abuse Prevention Act (FAPA) restraining order or a stalking order." *Henderson v. Byrne*, 311 Or App 415, 416, 487 P3d 869 (2021). Respondent does not request, pursuant to ORAP 5.40(8)(a), that we exercise our discretion to review this matter *de novo*, and even if he had properly done so, we decline to exercise our discretion to engage in such review as it is not warranted. *See* ORS 19.415(3)(b) (providing discretion for *de novo* review on appeal "in an equitable action or proceeding"); ORAP 5.40(8)(c) (providing that the Court of Appeals will exercise its discretion to try the cause anew only in exceptional cases); *Hanzo v. deParrie*, 152 Or App 525, 537, 953 P2d 1130 (1998), *rev den*, 328 Or 418 (1999) (FAPA orders and stalking protective orders are "decrees in a suit in equity" and thus equitable in nature). We are therefore bound by the trial court's "factual findings if they are supported by any evidence in the record, and we review the trial court's legal conclusions for errors of law." *Henderson*, 311 Or App at 416 (internal citations omitted). "We view the evidence and all reasonable inferences that may be drawn from it in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record is legally sufficient to permit that outcome." *Proffitt v. Jones*, 309 Or App 108, 109, 481 P3d 415 (2021) (explaining standard of review for stalking protective order) (internal quotation marks omitted). To the extent that the trial court did not make express findings on disputed issues of significance,

---

[1] Respondent erroneously cites ORS 19.125, the statutory provision that was renumbered as ORS 19.415 in 1997.

we "presume that the court resolved any disputed facts consistently with the outcome that it reached." *Id*.

We briefly state the relevant facts in accordance with the above standard of review. Petitioner met respondent while working at a restaurant in Portland. In June 2019, while petitioner was organizing clean dishes at work, respondent came up behind her, unclasped her bra, and then followed her and kissed her breasts against her will. In another incident, respondent grabbed petitioner and pressed his fingers to her genitals. Respondent also put his clothed genitals in petitioner's face and asked her to give him oral sex. Further, respondent threatened her that he would prevent her from finding other work in Portland if she quit the job, and if she were to get back to Mexico, respondent would have her beaten up so badly that she would not be able to get up. After petitioner quit her job, respondent showed up at her new places of employment and drove his motorcycle around the property near her home.

Petitioner sought and obtained a SAPO, which respondent contested. The trial court held a hearing, at which respondent appeared through counsel, denying the incidents of sexual abuse. Respondent testified that he had a friendly relationship with petitioner and had viewed her like a mother because of the age difference. In continuing the SAPO, the trial court expressly found that "petitioner credibly testified to a series of workplace encounters that were not only sexual harassment, but on two occasions amounted to sexual abuse as defined by statute." And while respondent attempted to discredit petitioner, the trial court found that "no compelling argument was made as to why petitioner would make any of this up and the details of the abuse she endured were compelling."

ORS 163.763(2) provides that, to obtain a SAPO, a petitioner must prove by a preponderance of the evidence that:

"(A)   The petitioner reasonably fears for the petitioner's physical safety with respect to the respondent; and

"(B)   The respondent subjected the petitioner to sexual abuse."

ORS 163.765(1) imposes an objective reasonableness requirement with respect to petitioner's fear for her physical safety. *See Henderson*, 311 Or App at 422 ("[T]he question is whether the totality of the circumstances made it objectively reasonable for petitioner to fear for her physical safety."). For purpose of ORS 163.763(2)(b)(B), "sexual abuse" means "sexual contact" with a person who either "does not consent to the sexual contact" or "is considered incapable of consenting to a sexual act under ORS 163.315, unless the sexual contact would be lawful under ORS 163.325 or 163.345." ORS 163.760(2). "Sexual contact" means "any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party." ORS 163.305(6).

On appeal, respondent asserts a single assignment of error, challenging the sufficiency of the evidence supporting the SAPO.[2] He contends that petitioner fails to prove that respondent had sexually abused her, and that she reasonably feared for her physical safety with respect to respondent, as required by ORS 163.763(2)(b). As mentioned earlier, we review the facts found by the trial court to determine whether they are supported by "any evidence," and if, as a matter of law, those facts establish the requisites for continuing the SAPO. *Henderson*, 311 Or App at 416.

There was sufficient evidence to support the trial court's finding that petitioner was subject to sexual abuse under ORS 163.763(2)(b)(B). Specifically, petitioner testified that respondent had unhooked her bra, touched, and kissed her breasts despite petitioner's objections. On another occasion, respondent had pressed his hands roughly to petitioner's

---

[2] We are dubious that the claim of error is properly raised on appeal, even though respondent objected generally to the trial court's continuance of the SAPO at the hearing. At a minimum, respondent's opening brief does not "specify the stage in the proceedings when the question or issue presented by the assignment of error was raised in the lower court, the method or manner of raising it, and the way in which it was resolved or passed on by the lower court." ORAP 5.45 (4)(a)(i). Nor does respondent "set out pertinent quotations of the record where the question or issue was raised and the challenged ruling was made, together with reference to the pages of the transcript ***." ORAP 5.45(4)(a)(ii). Nevertheless, even if the error is preserved, as explained below, respondent's arguments supply no basis for reversing the trial court's order.

genitals. The trial court found petitioner credible and the reasons respondent offered to discredit petitioner unpersuasive. We normally defer to a trial court's findings of credibility where they are based on an opportunity to see and hear witnesses. *State v. Cox,* 43 Or App 771, 773, 604 P2d 423 (1979), *rev den*, 288 Or 527 (1980). This is especially true where "credibility based on demeanor is a crucial factor in making an appraisal of the evidence." *State v. Hall*, 166 Or App 348, 362-63, 999 P2d 509 (2000) (citing *Wales v. Lester*, 267 Or 379, 382, 517 P2d 281 (1973)).

Second, it was objectively reasonable for petitioner to fear for her physical safety under the circumstances. Petitioner testified that respondent threatened to have her beaten up if she got back to Mexico and indicated that she believed that was a serious threat. Respondent questions the sufficiency of evidence by pointing out that petitioner did not produce any police reports at the hearing. However, nothing requires a SAPO petitioner to adduce any specific type of evidence to obtain the SAPO. Moreover, petitioner testified that she had reported to the police after she found that petitioner followed her from job to job and constantly appeared behind the apartment building where she lived.

In the light of our standard of review, we conclude that there was sufficient evidence to allow the trial court to make the findings that it did, and those facts support the trial court's conclusion that the legal requirements of ORS 163.763(2)(b) are satisfied. The trial court did not err in continuing the SAPO.

Affirmed.