***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted September 2, affirmed November 23, 2022

S. P. S.,
*Petitioner-Respondent,*

*v.*

Curtis Lee JENSEN,
*Respondent-Appellant.*

Yamhill County Circuit Court
21SK01333; A177060

Jennifer K. Chapman, Judge.

Curtis L. Jensen filed the brief *pro se*.

No appearance for respondent.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

JAMES, P. J.

Affirmed.

**JAMES, P. J.**

Respondent appeals a judgment concerning a stalking protective order (SPO) under ORS 30.866(1). On appeal, respondent requests *de novo* review.[1] Because he is challenging legal conclusions that do not require *de novo* review of the evidence and because this case is not "exceptional" for purposes of ORAP 5.40(8)(c), we decline to exercise that discretion, and affirm.

Absent *de novo* review, when the sufficiency of the evidence supporting an SPO under ORS 30.866 is challenged on appeal, "we view the evidence and all reasonable inferences that may be drawn from it in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record is legally sufficient to permit that outcome." *J. D. K. v. W. T. F.*, 276 Or App 533, 537, 369 P3d 1181 (2016). We defer to the trial court's implicit and explicit credibility determinations. *Habrat v. Milligan*, 208 Or App 229, 231, 145 P3d 180 (2006). That is especially true "where credibility based on demeanor is a crucial factor in making an appraisal of the evidence." *C. J. v. Flores*, 317 Or App 488, 492, 505 P3d 500, *rev den*, 369 Or 855 (2022) (internal quotation marks omitted).

ORS 30.866 authorizes a court to issue a stalking protective order against a person if (1) the person "intentionally, knowingly or recklessly engages in repeated and unwanted contact with the petitioner or a member of the petitioner's immediate family or household thereby alarming or coercing the petitioner," (2) the other person's alarm or coercion was objectively reasonable, and (3) the unwanted contacts caused the other person "reasonable apprehension regarding the personal safety of the petitioner or a member of the petitioner's immediate family or household." Expressive contacts are held to a higher standard before qualifying as contacts under ORS 30.866. *State v. Rangel*, 328 Or 294, 303, 977 P2d 379 (1999). However, evidence of expressive contacts may be considered as relevant context

___

[1] In addition to requesting discretionary *de novo* review, respondent cites several cases that name *de novo* review as the proper standard for evaluating challenges to an SPO. However, those cases predate the 2009 change to ORS 19.415(3)(b) that made *de novo* review discretionary.

for the nonexpressive contacts. *Habrat*, 208 Or App at 237.[2]

On this record, it is clear that the trial court carefully considered the evidence and made express credibility findings in favor of petitioner. The trial court found petitioner more credible concerning at least three separate incidents: (1) a physical altercation that occurred in petitioner's apartment in early 2021; (2) a subsequent event involving respondent bringing bullets to petitioner's residence; and (3) a final event involving respondent cocking his rifle repeatedly outside petitioner's door.[3]

The record contains sufficient evidence, in the form of petitioner's testimony, to support the trial court's findings as to each of those three contacts, including that each of those contacts met every element required by ORS 30.866. Although respondent's version of events differed from petitioner's, as noted, we will not displace the trial court's credibility determinations. *Habrat*, 208 Or App at 231. The trial court's conclusion that petitioner established the necessary elements under ORS 30.866(1) was not legal error.

Affirmed.

---

[2] Respondent challenges the admission of evidence of several written expressive contacts in his first assignment of error. Whether that evidence met the requirements of *Rangel* or is relegated to only contextual relevance under *Habrat* is immaterial as the trial court did not base the SPO on any of the written contacts.

[3] We note that some exhibits that were received by the trial court were not included in the record on appeal, making it challenging for us to review the whole of the evidence. The missing exhibits were returned by the trial court to respondent, who then failed to provide them for appeal. ORAP 3.25(4) provides that "[i]f a party fails to comply with UTCR 6.120 (2) requiring return of documentary exhibits within 21 days after receipt of the trial court's request, following the filing of a notice of appeal by any party, the appellate court may order that the appeal proceed without consideration of that party's exhibits." Given the failure to comply with UTCR 6.120 (2), we proceed based on the record before us per ORAP 3.25(4).