***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted June 6, affirmed July 6, 2023

R. L. R.,
*Petitioner-Respondent,*

*v.*

Randy ROGERS,
*Respondent-Appellant.*

Jefferson County Circuit Court
22SK01063; A178718

Annette C. Hillman, Judge.

Steven K. Chappell filed the brief for appellant.

No appearance for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Respondent appeals from the entry of a permanent stalking protective order (SPO) against him pursuant to ORS 30.866. On appeal, respondent contends that the trial court erred in finding that the statutory requirements for an SPO were satisfied; specifically, respondent contends that petitioner's fear was not objectively reasonable. Petitioner does not appear on appeal. We affirm.

Absent *de novo* review, which respondent does not seek, when considering a challenge to the sufficiency of the evidence supporting the issuance of an SPO, "we view the evidence and all reasonable inferences that may be drawn from it in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record is legally sufficient to permit that outcome." *K. M. V. v. Williams*, 271 Or App 466, 467, 351 P3d 808 (2015). To obtain an SPO, petitioner was required to prove that respondent engaged in "repeated and unwanted contact" that subjectively "alarmed" petitioner as to the threat of physical injury, and that alarm must have been objectively reasonable. ORS 30.866(1)(a)-(c).

The record was legally sufficient to support the trial court's conclusion that respondent had engaged in repeated and unwanted contacts that caused petitioner to experience objectively reasonable alarm. Petitioner informed respondent in response to his letter and numerous emails that she wanted him to stay away from her so that she "can feel safe in [her] own home."[1] Nevertheless, respondent drove by petitioner's house several times a day for multiple days, at a "slow creep" on a road with a speed limit of at least 35-40 miles per hour, occasionally sticking his head all the way out the window, looking into the windows of petitioner's home, and staring at or yelling at petitioner and people in

---

[1] Respondent contends that the written contacts were expressive in nature and were not sufficiently threatening to meet the standard specified in *State v. Rangel*, 328 Or 294, 303, 977 P2d 379 (1999), to qualify as unwanted contacts as provided by ORS 30.866. We reject that argument both because it is unpreserved and because there were sufficient qualifying contacts without considering those that were expressive in nature. Nevertheless, we consider the content of those communications for context. *See M. F. v. Baker*, 325 Or App 787, 790, 530 P3d 142 (2023) ("[P]rotected speech can be relevant as context for other, nonexpressive contacts despite not qualifying itself as an unwanted contact.").

petitioner's yard in a manner that caused petitioner and at least one other witness to experience alarm for petitioner's safety. Respondent also twice trespassed onto petitioner's property, one time approaching petitioner and attempting to speak with her, and another time bypassing her security gate to bang on her back door before circling the house and approaching to bang on the front door while yelling through the window. Respondent's version of events at the hearing differed in some respects from petitioner's, but the trial court explicitly found petitioner and petitioner's witnesses to be credible, a finding to which we defer. *C. J. v. Flores*, 317 Or App 488, 492, 505 P3d 500, *rev den*, 369 Or 855 (2022).

Affirmed.