***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted June 6, affirmed July 6, petition for review denied October 5, 2023
(371 Or 476)

M. B.,
*Petitioner-Respondent,*

*v.*

Dennis CLARK,
*Respondent-Appellant.*

Jackson County Circuit Court
22PO07268; A179650

Timothy Barnack, Judge.

Jason E. Thompson and Thompson Law, LLC, filed the brief for appellant.

No appearance for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Respondent appeals from the entry of a sexual abuse protective order (SAPO) against him pursuant to ORS 163.760 to 163.777. On appeal, respondent challenges the sufficiency of the evidence supporting the statutory requirement that petitioner's subjective fear was objectively reasonable. ORS 163.763(2)(b)(A). Petitioner does not appear on appeal. We affirm.

Absent *de novo* review, which respondent does not seek, when reviewing a SAPO, we are "bound by the trial court's factual findings if they are supported by any evidence in the record, and we review the trial court's legal conclusions for errors of law." *C. J. v. Flores*, 317 Or App 488, 489, 505 P3d 500, *rev den*, 369 Or 855 (2022) (internal quotation marks omitted). To obtain a SAPO, petitioner was required to prove that respondent subjected her to sexual abuse and that petitioner reasonably feared for her physical safety. ORS 163.763(2)(b).

The record was legally sufficient to permit the trial court to conclude that respondent sexually abused petitioner and that she reasonably feared for her safety. The trial court found petitioner's testimony to be credible, and explicitly found the testimony of respondent's witness not to be credible. In her testimony, petitioner described the evening that respondent, her boss at the time, followed her into a closet and shut the door, forcibly kissed her while reaching under her clothes to touch her vagina, and grabbed her breasts and buttocks before she managed to shove him off and escape. Petitioner further testified that respondent visits her new workplace, and that she recently went to a fair where respondent "followed her around" and "wouldn't stop staring" at her. Based on that evidence, the court's conclusion that petitioner's fear was objectively reasonable was not in error.

Affirmed.